UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVIN KI SUN KIM and CHUN CHA KIM,<br><br>     Plaintiffs,<br><br>     v.<br><br>UNITED STATES, *et al.*,<br><br>     Defendants. | Civil Action No. 08-1660 (CKK) |

**MEMORANDUM OPINION**
(May 26, 2009)

*Pro se* Plaintiffs Calvin Ki Sun Kim and Chun Cha Kim bring suit, in an action for unspecified damages, against the United States, the Commissioner of the Internal Revenue Service ("IRS"), and several IRS agents, both known and unknown, alleging noncompliance with various statutes and involvement in an "ongoing campaign of harassment by correspondence." Complaint, Docket No. [1], at 6.  Specifically, Plaintiffs' 21-count Complaint names as Defendants the United States, IRS Commissioner Douglas Shulman, and IRS Agents Dennis L. Parizek, Scott B. Prentky, A. Chow as well as "Unknown" Agents 1-4 (collectively, "Individual Defendants") (with the United States, "Defendants"), and it asserts both due process violations and violations of the Taxpayer Bill of Rights, 26 U.S.C. § 7433.  Presently before the Court is Defendants' [4] Motion to Dismiss for, *inter alia*, lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the Court shall GRANT Defendants' Motion.

**I. BACKGROUND**

*A.     Factual Background*

Since 2002, Plaintiffs Calvin Ki Sun Kim and Chun Cha Kim—both citizens of Hawaii—have continuously corresponded with the IRS regarding payment of their federal income taxes. *See* Compl. at 2-3, 25.[1] According to Plaintiffs, they first received notice of unpaid taxes due in a letter from the IRS dated January 14, 2002. *Id.* at 26. That letter charged Plaintiffs with filing frivolous tax returns for the years 1998 and 1999 and levied a penalty. *Id*. It also provided them with a Form 6335, or a "Statement of Tax Due the Internal Revenue Service." *Id.* Plaintiffs replied with a letter dated February 21, 2002 requesting that the penalties be rescinded because their "intention for filing was not to be frivolous." *Id*. By letter dated September 20, 2002, the IRS reported that Plaintiffs had also failed to file 1040 Forms regarding their individual income-tax returns for the year 2000. *Id*. at 25. The letter included a proposed income tax assessment. *Id*. Plaintiffs responded on March 4, 2003 with a letter "explain[ing] why [they] were not required to file an Individual Income Tax Return" and providing a copy of their "Annual Statement for 2000." *Id*. However, the Complaint does not set forth the grounds for Plaintiffs' claimed exemption.

On October 14, 2003, IRS Agent Parizek notified Plaintiffs that the IRS lacked records of their income tax returns for 1999.[2] *Id.* at 26. Five days later, the IRS forwarded a "Notice of

---

[1] Plaintiffs paginated their Statement of Facts independently from their Complaint. For purposes of clarity, the Court will refer to pages 1-7 of the Statement of Facts as pages 25-32 of the Complaint, respectively.

[2] The Complaint states in two separate paragraphs that a "Letter 1862" from an IRS agent was sent on October 14, 2003. *See* Compl. at 26-27. Because the number of letters sent that day is immaterial to resolution of this case, the Court will assume that one letter was sent.

Deficiency" for the tax year 2001. *Id*. at 27. Plaintiffs responded on October 29, 2003 by sending a summary of 26 C.F.R. 1.6001-1(d) under the heading "Implied Legal Notice: Violation of Due Process for Failure to Provide Notice(s) to Keep Records and File Returns."[3] *Id*. On January 18, 2004, Plaintiffs also provided the IRS with their "2001 Annual Statement." *Id*. Nearly a year later, on January 12, 2005, IRS Agent Prentky issued Plaintiffs a Notice of Deficiency for the tax years 2002 and 2003. *Id*. at 28. Plaintiffs answered with a January 19, 2005 "Notice of Dispute to Contest Your Notice of Deficiency and Notice to Rescind for Lack of Valid Assessment." *Id*. On July 15, 2005, IRS Agent Chow mailed Plaintiffs a Form 2039 Summons requesting that they appear before the local IRS office to account for their income tax payments over the years 1999, 2000, and 2001. *Id*. at 29.

 B. *Procedural Background*

Based on the foregoing facts, Plaintiffs seek money damages pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) for multiple alleged due process violations, as well as damages pursuant to Internal Revenue Code ("IRC"), 26 U.S.C. § 7433 (relating to civil damages for certain unauthorized tax collection activities). *See generally* Compl. The Complaint asserts 21 boilerplate "counts" against Defendants and is one of the many similar lawsuits brought in this jurisdiction by tax protesters alleging a variety of forms of misconduct by the IRS. *See Smith v. United States*, 475 F. Supp. 2d 1, 5 n.1 (D.D.C. 2006) (collecting cases).[4]

---

[3] Agent Parizek replied to this letter on June 12, 2007, stating that Plaintiffs' arguments had been found "frivolous" and without "basis in law." Compl. at 30.

[4] Indeed, as Defendants point out, the Complaint in this action is virtually identical to the complaint filed in a matter before Judge Reggie B. Walton and which was dismissed by Judge

The Complaint's first 18 counts are styled as *Bivens* causes of action and allege misconduct under various provisions of the IRC and the Code of Federal Regulations. These include:

- Failure to notify Plaintiffs of the requirement to keep records, make statements, or file tax returns, in violation of 26 U.S.C. § 6001, 26 C.F.R. § 1.6001-1(d) (Counts 1 and 2);

- Failure to prepare Substitutes for Returns in Plaintiffs' names, in violation of 26 U.S.C. §§ 6020(a) & (b)(1), 26 C.F.R. § 301.6020-1(a) & (b) (Counts 3, 4, 5 and 6);

- Failure to disclose Plaintiffs' returns to their representatives upon request, in violation of 26 U.S.C. § 6103, 26 C.F.R. § 301.6103(c)-1 (Counts 7 and 8);

- Misinterpretation of the Internal Revenue Code relating to the use of social security numbers in violation of 26 U.S.C. § 6109 (Count 9);

- Failure to notify as well as failure to promulgate a regulation for citizens who do not provide social security information, in violation of 26 C.F.R. §§ 301.6109-1(a)(1)(ii)(B) & (d)(1) (Count 10);

- Failure to limit assessments to (1) taxes shown on a return or (2) unpaid taxes payable by stamp, in violation of 26 U.S.C. § 6201(a) (Count 11);

- Improper assessment of amounts owed by Plaintiffs, in violation of 26 U.S.C. § 7805, 27 C.F.R. pt. 70 (Count 12);

- Failure to comply with statutory limits on the Secretary of the Treasury's regulatory authority, in violation of 26 U.S.C. § 6202 (Count 13);

- Failure to record and execute assessments in Plaintiffs' names or to furnish Plaintiffs with copies of these assessments or signed summaries upon request, in violation of 26 U.S.C. § 6203, 26 C.F.R. § 301.6203-1 (Counts 14, 15, 16, and 17);

- Failure to implement deficiency regulations, in violation of 26 U.S.C. § 6211 (Count 18).

---

Walton in an Order dated October 22, 2008. *See* Order, *Gavin v. United States*, Civ. Act. No. 07-1862, Docket No. [13].

The last three counts of the Complaint purport to state claims under the Taxpayer Bill of Rights, 26 U.S.C. § 7433.  Count 19 alleges that the IRS failed to develop and implement procedures, including failure to "file notice of levy or lien," take "appropriate disciplinary action . . . against [an] employee," and "implement a review process" of employee actions.  Count 20 alleges that Defendants failed to give notice of an unpaid tax within sixty days of making an assessment pursuant to 26 U.S.C. § 6303.  Count 21 alleges harassment, oppression, and abuse by IRS agents in connection with the collection of unpaid taxes, pursuant to 26 U.S.C. § 6304.

Plaintiffs filed their Complaint on September 25, 2008, requesting damages in an amount to be determined by the Court.  Compl. at 23.  On December 31, 2008, Defendants filed the instant [4] Motion to Dismiss.  Plaintiffs filed an [9] Opposition to the Motion on April 10, 2009, and Defendants submitted a [10] Reply on April 17, 2009.  The Motion is now fully briefed and ripe for decision.

## II. LEGAL STANDARD

Defendants seek dismissal of the instant action on two primary grounds: (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1); and (2) failure to state a claim pursuant to Rule 12(b)(6).[5]

  A. *Federal Rule of Civil Procedure 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

---

[5] Defendants also move to dismiss Counts 1 through 18—as against the Individual Defendants—for failure to effect proper serve as required by Rule 4.  Defs.' MTD at 11-12.  Because the Court finds that Counts 1 through 18 must be dismissed as to the Individual Defendants, in both their official or personal capacity, for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6) respectively, the Court in its discretion does not reach this argument in the alternative.

12(b)(1). In so doing, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

      B.      *Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957));

*accord Erickson v. Pardus*, 551 U.S. 89, 93 (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 550 U.S. at 589 (citations omitted).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). In addition where, as here, an action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). When considering *pro se* complaints, courts may "consider supplemental material filed by a *pro se* litigant in order to clarify the precise claims being urged." *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)). "Nonetheless, a *pro se* complaint, like any other, must present a claim

upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III. DISCUSSION

*A.     Plaintiffs'* Bivens *Claims*

As explained above, Counts 1through 18 of Plaintiffs' Complaint seek relief for "denial of the right to due process of the tax law, administrative law, and record-keeping law of the United States" pursuant to *Bivens*. *See* Compl. at 1, 8-20. As an initial matter, Defendants correctly point out that *Bivens* actions may only be brought against federal officials in their personal capacity, not in their individual capacity, and may not be brought against the Federal Government. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); *Drake v. F.A.A.*, 291 F.3d 59, 72 (D.C. Cir. 2002) (stating that it is "well-settled" that *Bivens* liability cannot be imposed on an agency of the federal government); *Mac'Avoy v. The Smithsonian Instit.*, 757 F. Supp. 60, 69 (D.D.C. 1991) ("the *Bivens* doctrine does not apply to lawsuits brought against the federal government"); *Majhor v. Kempthorne*, 518 F. Supp. 2d 221, 244-45 (D.D.C. 2007) ("a *Bivens* action may be maintained against a defendant only in his or her individual capacity, and not in his or her official capacity") (internal quotation marks and citation omitted). Accordingly, to the extent Plaintiffs attempt to bring their *Bivens* claims against the United States and the Individual Defendants in their official capacity,[6] such claims must be

---

[6] It is entirely unclear whether Plaintiffs intended to assert Counts 1 through 18 against the Individual Defendants in their individual capacity, in their official capacity, or both. *See generally* Compl. However, in light of this Court's obligation to "liberally construe[]" the Plaintiffs' *pro se* Complaint in their favor, *Schuler*, 617 F.2d at 608, the Court shall assume

dismissed for lack of subject matter pursuant to Rule 12(b)(1).

The Court is therefore left with Plaintiffs' *Bivens* claims as alleged against the Individual Defendants in their individual capacity. Defendants assert that these claims must also be dismissed pursuant to Rule 12(b)(1) because a court should not create a *Bivens* remedy where there is an alternative "comprehensive statutory remedial scheme" addressing Plaintiffs' alleged injuries—here, the IRC. Defs.' MTD at 8. Before reaching the merits of this argument, the Court notes that, although Defendants frame this argument as seeking dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), *see id.,* the Court is persuaded that Defendants' argument is more appropriately treated as challenging Plaintiffs' *Bivens* claims under Rule 12(b)(6) for failure to state a claim. In essence, Defendants allege that Plaintiffs have failed to state a claim for a *Bivens* action because no *Bivens* remedy exists for Plaintiffs' alleged injuries. Such an argument is better understood as seeking dismissal under Rule 12(b)(6), not Rule 12(b)(1). *See Scott v. United States*, _ F. Supp. 2d _, Civ. Act. No. 07-1529, 2009 WL 1027550, *4 (D.D.C. Apr. 17, 2009) (evaluating argument that *Bivens* claims should be dismissed because of the existence of a comprehensive statutory remedial scheme under Rule 12(b)(6), not under Rule 12(b)(1)); *Marsoun v. United States*, 591 F. Supp. 2d. 41, 42, 47-48 (D.D.C. 2008) (same). The Court shall therefore construe Defendants' motion to dismiss—on this point only—as seeking dismissal pursuant to Rule 12(b)(6) rather than under Rule 12(b)(1).[7] With that

---

Plaintiffs intended to assert Counts 1 through 18 against the Individual Defendants in both their individual and official capacities.

[7] Courts in this circuit have construed motions to dismiss pursuant Rule 12(b)(1) as motions to dismiss under Rule 12(b)(6) where appropriate. *See, e.g., Kamen v. Int'l Brotherhood of Electrical Workers*, 505 F. Supp. 2d 66, 71 (D.D.C. 2007) (noting that "'[f]airness, not excessive technicality is the guiding principle under . . . the Federal Rules of Civil Procedure'"

understanding, the Court now turns to Defendants' argument that Plaintiffs' *Bivens* claims against the Individual Defendants in their individual capacity should be dismissed.

Pursuant to the Supreme Court's decision in *Bivens*, Federal courts "have discretion in some circumstances to create a remedy against federal officials for constitutional violations." *Wilson v. Libby*, 535 F.3d 697, 704-705 (D.C. Cir. 2008). As the D.C. Circuit has counseled, however, courts "must decline to exercise that discretion where 'special factors counsel[ ] hesitation' in doing so." *Id.* "One [such] 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Id.* That is, when "Congress has put in place a comprehensive system to administer public rights, has 'not inadvertently' omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies," courts "must withhold their power to fashion damages remedies" pursuant to *Bivens*. *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (per curiam) (en banc), *rev'd on other grounds*, *Hubbard v. EPA*, 949 F.2d 453, 292 (1991); *see also Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988) (when "Congress has discharged that responsibility [to create a complex government program] . . . we see no legal basis that would allow us to revise its decision"). Defendants assert that the IRC is one such "comprehensive" remedial scheme and

---

and therefore construing a motion to dismiss under Rule 12(b)(1) as a motion to dismiss pursuant to Rule 12(b)(6)) (quoting *Flynn v. Ohio Building Restoration, Inc.*, 260 F. Supp. 2d 156, 161 n. 4 (D.D.C. 2003)); *cf. Baker v. Dir., United States Parole Comm'n*, 916 F.2d 725 (D.C. Cir. 1990) (finding that it is "practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources" to permit a district court to *sua sponte* dismiss a complaint for failure to state a claim where it is clear that "the claimant cannot possibly win relief"). In this case, both parties have had an opportunity to fully brief the issue at hand, and "[t]he parties do not disagree about the facts but rather about purely legal issues." *Kamen*, 505 F. Supp. 2d at 71, n. 1. The Court therefore concludes that Plaintiffs will not be prejudiced by the Court's consideration of Defendants' motion under Rule 12(b)(6) and that it would benefit neither party to require Defendants to re-file the instant motion pursuant to Rule 12(b)(1).

that the Court therefore should decline to extend *Bivens* in this instance.

Although the D.C. Circuit has not yet taken a position on this question, almost every circuit court that has done so has concluded that the IRC is a "comprehensive statutory remedial scheme" that precludes creation of a *Bivens* action. *See Adams v. Johnson*, 355 F.3d 1179, 1184-1185 (9th Cir. 2004) (agreeing with "the First, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits" that the IRC's "many explicit remedial provisions" preclude *Bivens* relief for "claims arising from federal tax assessment or collection" and collecting cases). Similarly, lower courts in this jurisdiction have, for the same reasons, declined to create a *Bivens* remedy to redress injuries alleged by other tax protesters, like Plaintiffs, who allege due process violations stemming from purported violations of the IRC. *See, e.g., Scott*, 2009 WL 1027550, *4 (concluding that "plaintiffs cannot pursue a *Bivens* remedy for alleged denials of constitutional due process arising from purported violations of the Internal Revenue Code, because such a remedy is precluded by the 'comprehensive statutory remedial scheme' that Congress established through the Internal Revenue Code"); *see also Marsoun*, 591 F. Supp. 2d at 47-48 ("Because Congress has comprehensively addressed the availability of damages where IRS employees are alleged to have violated the Internal Revenue Code, plaintiff may not bring a damages claim under *Bivens* for such violations under the mantle of due process."); *accord Pragovich v. United States,* 602 F. Supp. 2d 194, 195 (D.D.C. 2009) ("No *Bivens* remedy is available to the plaintiffs because the Internal Revenue Code contains a comprehensive remedial scheme."). The Court is persuaded by the reasoning of these decisions and joins them in concluding that the IRC's numerous remedial provisions preclude creation of a *Bivens* remedy in this case.

Plaintiffs attempt to avoid this conclusion by arguing that "no remedy . . . is actually

available" for their alleged due process injuries. Pls.' Opp'n at 2-3. Although somewhat unclear, Plaintiffs appear to imply that the mere existence of a comprehensive statutory scheme should not preclude creation of a *Bivens* remedy where the scheme fails to provide an alternative remedy. *See id.* As an initial matter, Plaintiffs provide no legal authority for their claim that they, in fact, have no remedy under the IRC. *See id.* However, even assuming that Plaintiffs are correct that no remedy is available for their particular injuries under the IRC, it is well established that "a comprehensive statutory scheme precludes a *Bivens* remedy even when the scheme provides the plaintiff with 'no remedy whatsoever.'" *Wilson*, 535 F.3d at 709 (quoting *Spagnola*, 859 F.2d at 228)). It is "the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies extended thereunder, that counsels judicial abstention." *Id.* at 706. The Court therefore concludes that Counts 1 through 18, as against the Individual Defendants in their individual capacity, shall be dismissed for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[8]

   B.   *Plaintiffs' Claims Under Section 7433*

The last three counts of Plaintiffs' Complaint—Counts 19, 20, and 21—purport to state claims under 26 U.S.C. § 7433.[9] Section 7433 of the IRC, otherwise known as the "Taxpayer's

---

[8] Finally, Defendants have also alleged, in the alternative, that Plaintiffs' *Bivens* claims must be dismissed under Rule 12(b)(6) because the "facts contained in plaintiffs' Statement of Facts are nothing more than a chronology of their correspondence with the IRS and its agents" and therefore "Plaintiffs have not made even the barest showing that any of the defendants have committed an act giving rise to liability." Defs.' MTD at 10-11. In light of the Court's conclusion above, the Court need not reach this argument in the alternative.

[9] Defendants note in their Motion to Dismiss that section 7433 permits actions only against the United States. *See* Defs.' MTD at 12 (citing 26 U.S.C. § 7433). In response, Plaintiffs' Opposition clarifies that Plaintiffs' claims under Section 7433 are asserted against the United States only. Pls.' Opp'n at 4, n.7. Accordingly, the Court proceeds on the understanding

Bill of Rights," authorizes a taxpayer to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the IRC or its implementing regulations in connection with collection activity. Defendants argue that: (1) Counts 19 and 20 must be dismissed for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because the claims do not relate to "collection activity;" and (2) that Counts 19, 20, and 21 must be dismissed for failure to state a claim under Rule 12(b)(6) because Plaintiffs have not exhausted their administrative remedies. Defs.' MTD at 12-15.[10] The Court shall address each argument in turn.

     First, Defendants assert that Counts 19 and 20 must be dismissed for lack of subject matter jurisdiction. It is well settled that the United States, as sovereign, is immune from suit unless Congress has expressly waived that immunity. *See, e.g., Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Relevant to the instant action, Congress has, through section 7433, effected a limited waiver of the IRS' sovereign immunity, permitting suits for damages if the IRS or its agents have intentionally, recklessly, or negligently disregarded any provision of the Code "in connection with any *collection* of Federal tax . . . ." 26 U.S.C. § 7433 (emphasis added). Based on this statutory language, several courts in this jurisdiction have concluded that this wavier applies only to actions in connection with the collection of taxes and that conduct associated with investigation or assessment of income tax is beyond the statute's

---

that Counts 19-21 of the Complaint are alleged against the United States only.

    [10] In addition, Defendants contend that Count 21 fails the notice pleading requirement of Rule 8(a) and must therefore be dismissed for failure to state a claim under Rule 12(b)(6). Given the Court's conclusion below that each of Plaintiffs' claims under section 7433 must be dismissed for Plaintiffs' failure to exhaust their administrative remedies, the Court need not reach this argument in the alternative.

waiver of sovereign immunity. *See, e.g., Buiaz v. United States*, 471 F. Supp. 2d 129, 135 (D.D.C. 2007) ("this Court concludes, like other courts that have addressed the issue, that § 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes"); *see also Jaeger v. United States*, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) ("section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax"); *Spahr v. United States*, 501 F. Supp. 2d 92, 95 (D.D.C. 2007) ("the waiver of sovereign immunity provided in § 7433 is limited to claims that 'aris[e] from the collection of income taxes'") (citing *Buiaz*, 41 F. Supp. 2d at 135). The Court is persuaded by the thorough reasoning of these decisions and joins them today in finding that section 7433 is limited to claims that arise from the collection of income taxes only.

The question then is whether the claims at issue in fact relate to "collection activities." Here, Count 19 alleges a cause of action based on the IRS Commissioner's failure to develop and implement procedures for filing notices, and Count 20 alleges an action for failure to give timely notice as required under 26 U.S.C. § 6303. The Court concludes that neither count is related to collection activities. Specifically, Count 19 arises from an alleged failure to promulgate regulations and procedures and is therefore unrelated to collection of taxes. *See Spahr*, 501 F. Supp. 2d at 96 ("claims based on an alleged failure to promulgate regulations and procedures do not implicate § 7433's prohibition against collection activity that disregards provisions of, or regulations under, the Internal Revenue Code"). Similarly, Count 20 arises from an alleged failure to timely notify the taxpayer of the outcome of an assessment and is therefore related to assessment and not collection. *See Jaeger*, 524 F. Supp. 2d at 63-64 (concluding that claim

alleging failure to provide assessment notices relates to assessment of taxes, not collection, and is therefore not covered by section 7433); *Spahr*, 501 F. Supp. 2d at 96 (dismissing claims relating to assessment under section 7433 for lack of subject matter jurisdiction). Accordingly, both claims falls outside section 7433's limited waiver of sovereign immunity and the Court therefore shall dismiss Counts 19 and 20 for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[11]

Second, even assuming that Plaintiffs' claims under Counts 19 and 20 arguably related to collection activity—which the Court finds they do not—all of Plaintiffs' claims under section 7433 must fail based upon Plaintiffs' failure to exhaust their administrative remedies. Section 7433, by its express language, requires taxpayers to first exhaust their administrative remedies before bringing suit in federal court. *See* 26 U.S.C. § 7433(d)(1) ("damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service"). In order for IRS complainants, such as Plaintiffs, to exhaust their administrative remedies, they must submit an "administrative claim" to the agency containing the contact information of the taxpayer and the grounds for and dollar amount of the claim. *See* 26 C.F.R. § 301.7433-1(e). If the IRS does not respond within six months after the administrative claim has been filed, a Plaintiff may file suit in federal district

---

[11] Although neither party has raised this issue, the Court notes that there is a split among the lower courts in this jurisdiction as to whether failure to base a section 7433 claim on collection activities warrants dismissal under Rule 12(b)(1) or Rule 12(b)(6). *Compare Buiaz*, 41 F. Supp. 2d at 136, n. 3 (dismissing plaintiff's claims under section 7433, where such claims were unrelated to collection activity, for lack of subject matter jurisdiction under Rule 12(b)(1)); *Spahr*, 501 F. Supp. 2d at 96 (same), *with Jaeger*, 524 F. Supp. 2d at 64, n. 1 (dismissing such claims for failure to state a claim under Rule 12(b)(6)). In this case, Defendants have asserted that dismissal under Rule 12(b)(1), rather than Rule 12(b)(6), is appropriate, and Plaintiffs have not made any arguments to the contrary. The Court shall therefore treat the limitations on the right of action under section 7433 as jurisdictional, and shall dismiss Counts 19 and 20 pursuant to Rule 12(b)(1).

court. *See* 26 C.F.R.§ 301.7433-1(d)(1). Defendants assert that Plaintiffs' claims under section 7433 must be dismissed pursuant to Rule 12(b)(6) because Plaintiffs have failed to sufficiently plead exhaustion. Defs.' MTD at 14. The Court agrees with Defendants.[12]

Even taking care, as the Court must, "to construe the plaintiff's [*pro se*] filings liberally," *Haines*, 404 U.S. at 520-21, it is clear that Plaintiffs have not pled exhaustion, and that Plaintiffs' claims under section 7433 must therefore be dismissed for failure to state a claim. Plaintiffs' Complaint does not indicate that they have exhausted their administrative remedies, and nothing in Plaintiffs' pleadings suggests otherwise. *See generally* Compl. Indeed, Plaintiffs have not contested Defendants' assertion that they failed to exhaust their administrative remedies. *See* Pls.' Opp'n at 11-12. Nor have Plaintiffs attempted to argue that their failure to do so is futile or otherwise excusable. *See id.* Instead, Plaintiffs' sole response to Defendants' exhaustion challenge is their assertion that dismissal in inappropriate because the exhaustion requirement is an affirmative defense, with respect to which Defendants bear the burden. *Id.* (citing *Jones v. Bock*, 549 U.S. 199 (2007)). Although Plaintiffs correctly cite *Jones* for the proposition that "the usual practice under the Federal Rules [of Civil Procedure] is to regard exhaustion as an affirmative defense," 549 U.S. at 212, *Jones* also specifically notes that "[a] complaint may be

---

[12] Defendants have treated Plaintiffs' failure to exhaust as warranting dismissal under Rule 12(b)(6) for failure to state a claim. Although neither party raises the issue, the Court notes that some courts in this jurisdiction have instead treated a failure to exhaust under 26 U.S.C. § 7433(d)(1) as jurisdictional, and thereby covered by a motion to dismiss pursuant to Rule 12(b)(1). *See, e.g., Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (collecting cases). This Court, however, has previously found that motions to dismiss under section 7433 for failure to exhaust are better characterized as motions seeking dismissal under Rule 12(b)(6). *See Smith v. United States*, 475 F. Supp. 2d 1, 12 (D.D.C. 2006). Plaintiffs have not challenged this conclusion, and accordingly, the Court shall treat Plaintiffs' failure to exhaust their administrative remedies as non-jurisdictional in character.

subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Id*. at 215 (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)); *see also Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007) ("Even when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face." (citing *Jones*, 127 U.S. at 215-16)).

Because, in this case, Plaintiffs never asserted that they filed an administrative claim or contested Defendants' allegation that they failed to do so, their failure to exhaust "appears on [the] face" of Plaintiffs' pleadings. *Id*. As other courts have explained, "exhaustion of administrative remedies is a requirement for maintaining a suit for damages under section 7433 and failure to even allege exhaustion . . . has resulted in dismissal of many cases." *Guthery v. United States*, 507 F. Supp. 2d 111, 116 (D.D.C. 2007) ; *see also Wesselman v. United States*, 498 F. Supp. 2d 326, 328 (D.D.C. 2007) ("failure to exhaust [under Section 7433] is . . . fatal under Federal Rule of Civil Procedure 12(b)(6)"). In failing to exhaust, Plaintiffs have "effectively den[ied] the IRS any opportunity to administratively remedy the situation . . . [and] failed to satisfy the indispensable prerequisite of exhaustion of administrative remedies." *See Miller v. United States*, Civil Action No. 06-1250, 2007 WL 2071642, at *3 (D.D.C. Jul. 19, 2007) (granting defendant's motion to dismiss claims under section 7433 for failure to exhaust) (internal quotation omitted). Therefore, this Court shall dismiss Plaintiff's claim for damages under 26 U.S.C. § 7433 for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).[13]

---

[13] Finally, the Court notes that, although neither party has raised the issue, Plaintiffs' Complaint also appears to invoke jurisdiction under the APA, 5 U.S.C. §§ 704, 706; the Federal Records Act, 44 U.S.C. § 3101 *et seq*.; and the National Archives Act, 44 U.S.C. § 2101 *et seq*.

## III. CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendants' [4] Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). An appropriate Order accompanies this Memorandum Opinion.

Date: May 26, 2009

                                                                         /s/
                                                                  COLLEEN KOLLAR-KOTELLY
                                                                  United States District Judge

---

However, none of these provisions can support Plaintiffs' cause of action. First, "the APA does not waive sovereign immunity with respect to suits for money damages," meaning that Defendants cannot be found liable under the APA. *See Wesselman v. United States*, 501 F. Supp. 2d 98, 101 (D.D.C. 2007); *see also Ross v. United States*, 460 F. Supp. 2d 139, 149 (D.D.C. 2006) (citing *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) and *Larsen v. United States Navy*, 346 F. Supp. 2d 122, 128 (D.D.C. 2004)). Second, Plaintiffs' "cursory reference[s] to unspecified provisions of the Federal Records Act and the National Archives Act" – a common theme in tax protester cases – fail to surmount the barrier of sovereign immunity. *See Wesselman*, 501 F. Supp. 2d at 101 (explaining that neither the Federal Records Act nor the National Archives Act "provides the necessary waiver of sovereign immunity"); *accord Buaiz v. United States*, 471 F. Supp. 2d 129, 138 (D.D.C. 2007). All three statutes thus fail to establish federal subject-matter jurisdiction because they cannot bypass the government's immunity from suit.