IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVIN KI SUN KIM and CHUN CHA KIM, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 1:08-cv-01660 |
| UNITED STATES, et al, | ) ) ) |
| Defendants. | ) ) |

**UNITED STATES' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SURREPLY**

On June 17, 2011, Plaintiffs Calvin Ki Sun Kim and Chun Cha Kim filed a motion seeking leave to fil a surreply in response to the United States' renewed motion to dismiss the complaint. Plaintiff's motion should be denied for the following reasons.

**I.   Standards of Law**

"The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." Baloch v. Norton, 517 F.Supp.2d 345, 349 fn. 1 (D.D.C. 2007). "The standard for granting leave to file a surreply is 'whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" Groobert v. President and Directors of Georgetown College, 219 F. Supp. 2d 1, 13 (D.D.C. 2002); Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (same).

**II.   The United States' reply brief was limited to responding to arguments contained in plaintiffs' opposition**

Plaintiffs' motion for leave to file a surreply asserts that the United States "raises

3859057.1

arguments in its reply not raised in the 'renewed' motion to dismiss". (Pls.' Mot.) This claim is incorrect. Defendant's reply brief was limited to: (1) whether the United States' statute of limitations defense had been waived; (2) whether the statute of limitations was tolled; (3) that leave to amend was inappropriate; (4) that <u>Twombly</u> and <u>Iqbal</u> delineate the Rule 8 pleading standard, rather than a law review article cited by Plaintiffs; and (5) that Plaintiffs had conceded that they had not alleged any facts that occurred within the statute of limitations. (<u>See</u> U.S. Mot. to Dismiss Reply <u>generally</u>.)

Plaintiffs' opposition brief raised the first four issues referenced above. (<u>See</u>, <u>e.g.</u>, Pls.' Opp.) The fifth argument contained within the United States' reply brief simply pointed out the fact that Plaintiffs had not responded to one ground upon which the United States sought dismissal. The United States reply brief, therefore, did not contain arguments that were "not raised" in its renewed motion to dismiss. Instead, its reply was narrowly tailored to directly respond to plaintiffs' opposition.

Plaintiffs have already had an opportunity to respond to the United States' renewed motion to dismiss the complaint. The United States' reply brief raised no new arguments. Plaintiffs' motion to file a surreply should, therefore, be denied. <u>Groobert</u>, 219 F. Supp.2d at 13; <u>Robinson</u>, 211 F. Supp. 2d at 113.

**Conclusion**

Plaintiffs' motion for leave to file a surreply should be denied. The United States' reply brief simply addressed arguments contained in Plaintiffs' opposition and pointed out that Plaintiffs' failed to oppose one ground upon which the United States sought dismissal. The United States did not raise any new arguments. Plaintiffs have already had the opportunity to respond to the renewed motion to dismiss, thus their surreply is repetitive, unnecessary and burdensome.

Dated: June 22, 2011

                John A. Dicicco
                Principal Deputy Assistant Attorney General

                /s/ Benjamin J. Weir
                BENJAMIN J. WEIR (DC Bar # 494045)
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 227
                Washington, DC 20044
                Telephone: (202) 307-0855
                Facsimile: (202) 514-6866
                Benjamin.J.Weir@usdoj.gov
                *Counsel for United States*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, I caused a true and correct copy of the foregoing to be served upon the following via postage prepaid U.S. Mail:

>Calvin Ki Sun Kim
>*Pro se plaintiff*
>1314 South King Street
>Suite 520
>Honolulu, HI 96814
>
>Chun Cha Kim
>*Pro se plaintiff*
>1314 South King Street
>Suite 520
>Honolulu, HI 96814.

>/s/   Benjamin J. Weir
>BENJAMIN J. WEIR