## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CALVIN KI SUN KIM, and
CHUN CHA KIM,

     Plaintiffs,

    v.

UNITED STATES, *et al.*,

     Defendants.

Civil Action No. 08-01660 (CKK)

## MEMORANDUM OPINION
(January 9, 2012)

*Pro se* Plaintiffs Calvin Ki Sun Kim and Chun Cha Kim (the "Kims") are tax protesters who commenced this action for unspecified monetary damages against the United States, the Commissioner of the Internal Revenue Service (the "IRS"), and a series of known and unknown IRS Agents, alleging that the IRS violated the Taxpayer Bill of Rights, failed to comply with various statutory duties, and perpetrated an "ongoing campaign of harassment" against them. When presented with a motion to dismiss earlier in these proceedings, this Court dismissed the action in its entirety. Subsequently, the United States Court of Appeals for the District of Columbia Circuit affirmed this Court's decision in part and reversed in part, remanding the action for further proceedings on two of the counts asserted in the Kims' twenty-one count [1] Complaint—specifically, Counts 20 and 21, which are asserted against the United States alone, arise under Internal Revenue Code[1] § 7433, and allege violations of Internal Revenue Code §§ 6303 and 6304, respectively.

---

[1] The Internal Revenue Code appears in Title 26 of the United States Code.

There are currently two motions pending before the Court: the United States' [21] Renewed Motion to Dismiss and the Kims' [25/27] Motion for Leave to File a Surreply. Upon careful consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court shall GRANT the United States' Renewed Motion to Dismiss, DENY the Kims' Motion for Leave to File a Surreply, and DISMISS this action in its entirety.

## I. BACKGROUND

*A.    Factual Background*

From 1998 through 2003, the Kims, both citizens of Hawaii, did not regularly file tax returns and, when they did file, their returns omitted required information. Since 2002, the Kims have continuously corresponded with the IRS regarding payment of their federal income taxes and their frivolous or missing returns.

According to the Kims, they first received notice of unpaid taxes in a letter from the IRS dated January 14, 2002. That letter charged the Kims with filing frivolous tax returns for the years 1998 and 1999 and levied a penalty. It also provided the Kims with a "Statement of Tax Due the Internal Revenue Service," also known as a Form 6335. The Kims responded with a letter of their own dated February 21, 2002, in which they requested that the penalties be rescinded because their "intention for filing was not to be frivolous."

By letter dated September 20, 2002, the IRS reported that the Kims had also failed to file forms regarding their individual income tax returns for the year 2000 and proposed an income tax assessment. The Kims responded on March 4, 2003 with a letter explaining why they believed they were not required to file individual income tax returns and providing a copy of their "annual statement" for 2000.

On October 14, 2003, IRS Agent Dennis L. Parizek notified the Kims that the IRS had no record of the Kims' income tax returns for 1999.  Five days later, the IRS forwarded the Kims a "notice of deficiency" for tax-year 2001.  The Kims responded on October 29, 2003 by sending the IRS what they styled as an "Implied Legal Notice: Violation of Due Process for Failure to Provide Notice(s) to Keep Records and File Returns."  On June 12, 2007, Agent Parizek replied with a Letter 3175-C, informing the Kims that their correspondence was "frivolous" and without "basis in law."

On January 18, 2004, the Kims provided the IRS with their "annual statement" for 2001.  Nearly one year later, on January 12, 2005, the IRS issued the Kims a "notice of deficiency" for tax-years 2002 and 2003.  The Kims answered on January 19, 2005 with a "notice of dispute to contest your notice of deficiency and notice to rescind for lack of valid assessment."  On July 15, 2005, the IRS mailed the Kims a Form 2039 Summons requesting that they appear before their local IRS office to account for their income tax payments for the years 1999 through 2001.

B.      *Procedural History*

Taking the offensive, the Kims commenced this action on September 25, 2008, alleging that the IRS violated the Taxpayer Bill of Rights, failed to comply with various statutory duties, and perpetrated an "ongoing campaign of harassment" against them.  *See* Compl., ECF No. [1]; Stmt. of Facts of Calvin Ki Sun Kim and Chun Cha Kim ("Stmt. of Facts"), ECF No. [1].  The Kims claim that they are not required to file individual income tax returns because the IRS did not maintain proper records or perform all duties required of it by law.  The Kims' Complaint sets forth twenty-one separate counts against the United States, the Commissioner of the IRS, and a series of known and unknown IRS Agents, seeking monetary damages pursuant to *Bivens*

3

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and what is commonly referred to as the Taxpayer Bill of Rights, 26 U.S.C. § 7433.

On May 26, 2009, this Court dismissed Counts 1 through 18—the Kims' *Bivens* claims—after finding that it lacked subject matter jurisdiction to hear the claims against the defendants in their official capacities and that the Kims failed to state a claim for relief against the defendants in their individual capacities. *See Kim v. United States*, 618 F. Supp. 2d 31, 37-40 (D.D.C. 2009), *aff'd in part and rev'd in part,* 632 F.3d 713 (D.C. Cir. 2011). In addition, the Court dismissed Counts 19 and 20 based on its conclusion that they did not relate to "collection activities" within the meaning of the Taxpayer Bill of Rights. *See id.* at 41. Finally, the Court dismissed Counts 19 and 20, as well as Count 21, for failure to state a claim because the Kims failed to plead exhaustion of remedies in their Complaint and failed to rebut the United States' exhaustion defense. *See id.* at 42-43.

On January 21, 2011, the United States Court of Appeals for the District of Columbia Circuit affirmed this Court's decision in part and reversed in part. *See Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011). In pertinent part, the Court of Appeals concluded that this Court erred in finding that Count 20 did not relate to "collection activities" within the meaning of the Taxpayer Bill of Rights, and improperly dismissed Counts 20 and 21 for failure to state a claim because the exhaustion of remedies is not a pleading requirement under the Taxpayer Bill of Rights. *See id.* at 716-20. On March 23, 2011, the Court of Appeals issued its mandate vesting this Court with jurisdiction to proceed.

After denying the Kim's motion to stay this action, *see* Order (Apr. 15, 2011), ECF No. [19], the Court set a schedule for the briefing of the United States' anticipated Renewed Motion

to Dismiss, *see* Scheduling and Procedures Order, ECF No. [20].  Consistent with that schedule, the United States filed its Renewed Motion to Dismiss on June 17, 2011.  *See* Stmt. of P. & A. in Supp. of the United States' Renewed Mot. to Dismiss Pl.'s Compl. ("U.S.'s Mem."), ECF No. [21].  Thereafter, the Court issued an Order consistent with the directives of the Court of Appeals in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).  *See* Order, ECF No. [22].  On May 20, 2011, the Kims filed their opposition to the United States' Renewed Motion to Dismiss.  *See* Mem. of P. & A. in Supp. of Pls.' Resp. in Opp'n to United States' Renewed Mot. to Dismiss ("Pls.' Opp'n"), ECF No. [23].  On June 1, 2011, the United States filed its reply.  *See* United States' Reply in Supp. of its Renewed Mot. to Dismiss ("U.S.'s Reply"), ECF No. [24].

On June 17, 2011, the Kims filed their Motion for Leave to File a Surreply.  *See* Pls.' Mot. for Leave to File Sur-reply to United States' Reply, ECF No. [25].  On June 30, 2011, the Kims filed an identical copy of their motion.  *See* Pls.' Mot. for Leave to File Sur-reply to United States' Reply, ECF No. [27].  The United States filed an opposition.  *See* United States' Opp'n to Pls.' Mot. for Leave to File Surreply, ECF No. [26]; United States' Opp'n to Pls.' Mot. for Leave to File Surreply, ECF No. [28].  The Kims never filed a timely reply.

The pending motions are now fully briefed and ripe for a decision.  In an exercise of its discretion, the Court finds that holding oral argument on the motions would not assist the Court in rendering its decision.  *See* LCvR 7(f).

## II.  LEGAL STANDARDS

### A. *Motions to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) of the Federal Rules of Civil Procedure*

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress.  *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994).  Rule 12(b)(1) provides a vehicle for parties to challenge the district court's "subject matter jurisdiction," FED. R. CIV. P. 12(b)(1)—a term that refers to the court's authority to hear and decide the case.  If the district court finds that it lacks subject matter jurisdiction, it must dismiss the case.

The district court should begin with the presumption that it does not have subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377.  The plaintiff bears the burden of establishing that the court has subject matter jurisdiction.  *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007).  In determining whether it has subject matter jurisdiction, the district court may consider the allegations in the complaint and undisputed facts and, in appropriate circumstances, resolve disputed factual matters.  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003).  In engaging in this task, the factual allegations in the complaint must be construed in the light most favorable to the plaintiff, *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005), though a plaintiff's factual allegations will "bear closer scrutiny" when the district court is resolving a motion to dismiss for lack of subject matter jurisdiction as opposed to a motion to dismiss for failure to sate a claim, *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007), *aff'd*, No. 07-5328, 2008 WL 4068606 (D.C. Cir. July 30, 2008).  Even though pleadings filed by a party proceeding without legal representation must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), even unrepresented parties must discharge their burden of showing that the district court has the authority to hear and decide the case, *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009); *Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 95 (D.D.C. 2010).

B.      *Motions to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the*
        *Federal Rules of Civil Procedure*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. (8)(a), "in

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)).  Rule 12(b)(6) provides a vehicle for parties to challenge the sufficiency of a

complaint on the ground that it "fail[s] to state a claim upon which relief can be granted."  FED.

R. CIV. P. 12(b)(6).  When presented with a motion to dismiss for failure to state a claim, the

district court must accept as true the well-pleaded factual allegations contained in the complaint.

*Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, __ U.S. __,

130 S. Ct. 2064 (2010).  Although "detailed factual allegations" are not necessary to withstand a

Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff

must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a

cause of action."  *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.

Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).  Rather, a complaint must contain

sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on

its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  The plaintiff must provide more than just

"a sheer possibility that a defendant has acted unlawfully."  *Id.* at 1950.  When a complaint's

well-pleaded facts do not enable a court, "draw[ing] on its judicial experience and common

7

sense," "to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.*

While "[a]ll pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f), a document filed by a party proceeding *pro se* must be "liberally construed," *Erickson*, 551 U.S. at 94 (quotation marks omitted). For example, where a *pro se* party has filed multiple submissions, the district court must generally consider those filings together and as a whole. *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *see also Sieverding v. U.S. Dep't of Justice*, 693 F. Supp. 2d 93, 101 n.2 (D.D.C. 2010) (considering factual allegations in *pro se* plaintiff's prior pleadings even though they had technically been superceded by filing of amended complaint). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quotation marks omitted). Nonetheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Even with the liberality afforded *pro se* complaints, the district court "need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations." *Kaemmerling v. Lappin*, 553 F.3d 669, 667 (D.C. Cir. 2008) (quotation marks omitted).

### III.  DISCUSSION

Only two claims remain "live" in this action—Counts 20 and 21, through which the Kims seek monetary damages against the United States under Internal Revenue Code § 7433 for alleged violations of Internal Revenue Code §§ 6303 and 6304, respectively. *See* Compl. at 21-22. In its [21] Renewed Motion to Dismiss, the United States argues that both claims must be

dismissed because they challenge conduct falling outside the scope of the limitations period.  The Court agrees.[2]

A.      *Counts 20 and 21 Are Barred By the Statute of Limitations*

Sovereign immunity insulates the United States, its agencies, and its officers from being sued for money damages payable to the federal treasury.  Congress may, however, elect to waive the United States' sovereign immunity by statute.  If Congress has unequivocally expressed a waiver of the United States' sovereign immunity, and if that waiver requires any action to be brought within a certain limitations period, a plaintiff's failure to bring suit within that period deprives the district court of subject matter jurisdiction.  *United States v. Dalm*, 494 U.S. 596, 608 (1990).  In other words, in this specific context, a statute of limitations assumes jurisdictional significance.

In this case, the Kims' Counts 20 and 21 both arise under Internal Revenue Code § 7433, through which Congress effected a limited waiver of the United States' sovereign immunity by authorizing taxpayers to bring suit for monetary damages where, "in connection with any collection of Federal tax . . . , any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated [there]under."  26 U.S.C. § 7433(a).  At the same time,

---

[2]  The United States also argues that Counts 20 and 21 each fail to state a plausible claim for relief.  However, because the Court finds that Counts 20 and 21 are time-barred, and because this deprives the Court of subject matter jurisdiction, the Court has no occasion to address the United States' alternative argument.  However, were this not the case, the Court would find that the Kims have failed to state plausible claims for relief and would dismiss Counts 20 and 21 under Rule 12(b)(6).  *See Morrow v. United States*, 723 F. Supp. 2d 71, 81 (D.D.C. 2010) (dismissing nearly identical claims under Rule 12(b)(6)); *Scott v. United States*, 608 F. Supp. 2d 73, 80-81 (D.D.C. 2009) (same).

Congress decided to require plaintiffs looking to take advantage of this waiver of sovereign

immunity to bring suit within a defined limitations period. More precisely, "an action to enforce

liability created under [§ 7433] . . . may be brought only within 2 years after the date the right of

action accrues." *Id.* § 7433(d)(3). In this context, a cause of action is said to "accrue" once the

plaintiff has "had a reasonable opportunity to discover all of the essential elements of [his or her]

cause of action." *Long v. United States*, 604 F. Supp. 2d 119, 121 (D.D.C. 2009); *accord*

*Keohane v. United States*, 775 F. Supp. 2d 87, 91 (D.D.C. 2011); 26 C.F.R. § 301.7433-1(g)(2).

The Kims filed their Complaint in this case on September 25, 2008, meaning that the

statute of limitations precludes the Kims from pursuing any claims under § 7433 accruing before

September 25, 2006. In its opening memorandum, the United States argued at length that—with

the sole exception of the Kims' allegation that IRS Agent Dennis L. Parizek sent them a Letter

3175-C on June 12, 2007, *see* Stmt. of Facts ¶ 10—all of the Kims' allegations relate to events

that transpired before September 25, 2006. *See* U.S.'s Mem. at 3-4. In opposition to the United

States' Renewed Motion to Dismiss, the Kims argue that the United States has waived its right to

assert the statute of limitations as a defense or, alternatively, that the statute of limitations should

be tolled in this case, *see infra* Part III.B, but they offer no rejoinder to the United States'

contention that all their allegations, save one, relate to events that transpired before September

25, 2006.

In this Circuit, "it is well understood . . . that when a plaintiff files an opposition to a

dispositive motion and addresses only certain arguments raised by the defendant, a court may

treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div.,*

*Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citation omitted), *aff'd*, 98

10

F. App'x 8 (D.C. Cir. 2004); *accord Lewis v. District of Columbia*, No. 10-5275, 2011 WL

321711, at *1 (D.C. Cir. Feb. 2, 2011).  This salutary principle applies even to parties proceeding

without legal representation, like the Kims.  *Laukus v. United States*, 691 F. Supp. 2d 119, 127

(D.D.C. 2010), *aff'd*, No. 10-5148, 2011 WL 6757003 (D.C. Cir. Dec. 12, 2011); *Fletcher v.*

*District of Columbia*, Civil Action No. 01-297 (RMU), 2005 WL 670676, at *6 n.9 (D.D.C. Mar.

22, 2005).  Indeed, the Court alerted the Kims to this principle before they filed their opposition

to the United States' Renewed Motion to Dismiss.  *See* Scheduling and Procedures Order, ECF

No. [20], ¶ 3(c).  Based on the Kims' failure to respond, the Court shall, in an exercise of its

discretion, treat the United States' contention that—with the sole exception of the Kims'

allegation that IRS Agent Parizek sent them a Letter 3175-C on June 12, 2007, *see* Stmt. of Facts

¶ 10—all of the Kims' allegations relate to events that transpired before September 25, 2006.  In

any event, even if the Court were inclined to reach the merits of the United States' argument, it is

clear that—again, with the sole exception of the Kims' allegation that IRS Agent Parizek sent

them a Letter 3175-C on June 12, 2007, *see id.*—all of the Kims' allegations, regardless of

whether they are even relevant to Counts 20 and 21, relate to events that transpired between

January 14, 2002 and July 15, 2005, *see id.* ¶¶ 1-9, well before September 25, 2006.

Given this timeline of events, determining whether the claims that the Kims intend to

pursue through Counts 20 and 21 accrued more than two years before they commenced this

action presents a relatively straightforward matter.  Beginning with Count 20, the Kims allege

that the United States failed to provide a timely "notice of a tax assessment" in violation of

Internal Revenue Code § 6303.  *See* Compl. at 21-22.  As aforementioned, only one of the Kims'

factual allegations falls within the limitations period—namely, their allegation that IRS Agent

Parizek sent them a Letter 3175-C on June 12, 2007.  *See* Stmt. of Facts ¶ 10.  However, the

Kims have conceded the United States' assertion that, whereas a "notice of tax assessment"

provides a taxpayer with notice of the amount of the unpaid tax liability assessed and demands

payment, 26 U.S.C. § 6303(a), a "Letter 3175C is sent to taxpayers that make frivolous

arguments denying the legitimacy of the tax system" and, as such, is "unrelated" to the question

of whether notice of a tax assessment was sent, U.S.'s Mem. at 3 n.3; *see also Laughlin v. CIR*,

103 F. Supp. 2d 1219, 1220 (S.D. Cal. 1999) (noting that a "Form 3175 letter is a letter to

correspondents who argue that they are not liable for taxes or who deny the legitimacy of the tax

system") (quotation marks omitted); Internal Revenue Manual § 4.19.10.1.6 (Jan. 1, 2011)

(identifying Letter 3175-C as a "letter used . . . to respond to [a] frivolous filer who send[s]

frivolous correspondence to the IRS.").  Accordingly, this allegation cannot salvage Count 20

from the bar imposed by the statute of limitations, and the Court shall therefore DISMISS Count

20 as untimely.  *See Davis v. United States*, 569 F. Supp. 2d 91, 97-98 (D.D.C. 2008) (dismissing

claims under § 7433 as time-barred).

Meanwhile, through Count 21, the Kims contend that the United States "engaged in

conduct the natural consequence of which [was] to harass, oppress, or abuse [them] in connection

with the collection of [an] unpaid tax" in violation of Internal Revenue Code § 6304.  Compl. at

22 (quotation marks omitted).  Because the Kims have failed to tether this claim to specific

factual allegations, it is not clear which facts they intend to rely on in pursuing Count 21.  But the

uncertainty need not detain this Court long.  Again, only one of the Kims' factual allegations falls

within the limitations period—that is, their allegation that IRS Agent Parizek sent them a Letter

3175-C on June 12, 2007.  *See* Stmt. of Facts ¶ 10. As the Court has already explained, a Letter

3175-C is used to respond to taxpayers who send frivolous correspondence to the IRS, such as correspondence denying the validity of the federal tax system.  The Kims' allegations, cursory though they may be, are entirely consistent with this understanding.  According to the Complaint, "[o]n or about June 12, 2007[,] agent Dennis L. Parizek sent a Letter 3175C (Rev-3-1-2004), refusing to respond to [the Kims'] previous correspondence.  Said letter stated in part, 'This is in reply to your correspondence . . . .  We have determined that the arguments you raised are frivolous and have no basis in law.'"  *Id.*  In other words, by the Kims' own account, the essential thrust of the June 12, 2007 letter was the IRS's refusal to respond further to the Kims' own correspondence.  The Kims have tendered no factual allegations that would suggest that the IRS's reactive letter was part of its efforts to affirmatively *collect* an unpaid tax, as is required for there to be a violation § 6304.  *See* 26 U.S.C. § 6304(b) (requiring that the challenged conduct be "to harass, oppress, or abuse any person in connection with *the collection* of any unpaid tax.") (emphasis added); *cf. Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) (noting, construing comparable language in § 7433, that the plaintiff must challenge "improper collection procedures"), *cert. denied*, 513 U.S. 1041 (1994).  Furthermore, the Kims have not pointed to any allegations from which the Court could infer that the IRS, by sending the June 12, 2007 letter, engaged in the sort of conduct that "could be characterized as harassing, oppressive, or abusive." *Spahr v. United States*, 501 F. Supp. 2d 92, 97 (D.D.C. 2007).  For both these reasons, whether considered together or independently, the Kims' allegation with respect to the June 12, 2007 letter is immaterial to whether they have a claim for relief under § 7433 for a violation of § 6404.  Thus, the allegation cannot salvage Count 21 from the bar imposed by the statute of

13

limitations, and the Court shall therefore DISMISS Count 21 as untimely.[3]

In sum, both Counts 20 and 21 seek monetary damages under § 7433 for events that transpired outside the two-year limitations period.  Accordingly, the Court shall GRANT the United States' [21] Renewed Motion to Dismiss and DISMISS Counts 20 and 21.  In addition, because no further claims remain extant, the Court shall DISMISS this action in its entirety.

>    B.    *The Kims' Counter-Arguments Do Not Warrant a Different Result*

In opposition to the United States' Renewed Motion to Dismiss, the Kims tender two arguments in an attempt to evade dismissal based on the statute of limitations.[4]  Neither has any merit.  The Court addresses each argument in turn.

First, the Kims contend that the United States has waived its right to assert the statute of limitations as a defense by failing to raise it earlier in these proceedings.  *See* Pls.' Opp'n at 3-4 (citing FED. R. CIV. P. 12(g)(2)).  The argument is misplaced.  As described above, *see supra* Part III.A, § 7433 reflects a limited waiver of the United States' sovereign immunity and the two-year statute of limitations represents an express condition to such waiver.  *Keohane*, 775 F. Supp. 2d at 90-91.  As such, a plaintiff's failure to comply with the statute of limitations "operates to

---

[3] Even assuming, *arguendo*, that the Kims' allegation concerning the IRS's June 12, 2007 letter could be construed as a challenge to the IRS's "collection of [an] unpaid tax," 26 U.S.C. § 6304(b), the Court would nonetheless conclude that the Kims have failed to adduce sufficient factual allegations to suggest that the IRS's letter represents the sort of wrongful conduct that "could be characterized as harassing, oppressive, or abusive," *Spahr*, 501 F. Supp. 2d at 97.  Therefore, even if the allegation could be construed as a stand-alone claim that the IRS violated § 6304, the Court would dismiss it for failure to state a claim under Rule 12(b)(6).

[4] Strictly speaking, the Kims also offer a third argument that dismissal based on the statute of limitations is inappropriate because the United States has allegedly committed a "fraud upon the Court."  Pls.' Opp'n at 5.  Suffice it to say that the argument is so utterly without merit that the Court rejects it summarily.

deprive federal courts of jurisdiction" and is "not merely a waivable defense." *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003) (quotation marks and citations omitted); *see also Kimball v. IRS*, 351 F. App'x 170, 171 (9th Cir. 2009) (*per curiam*) (providing that the two-year statute of limitations in § 7433 is jurisdictional). Accordingly, the United States did not waive the defense by failing to assert it earlier in these proceedings.

Second, the Kims argue that the United States' "actions . . . precluded their discovery of all essential elements of a possible cause of action." Pls.' Opp'n at 4 (quotation marks and notations omitted). Specifically, the Kims aver that they "did not know, and could not have known, prior to bringing their action(s), of the [United States'] ***statutory duty***" to comply with Internal Revenue Code §§ 6303 and 6304. *Id.* (emphasis in original). So far as the Court can tell, the Kims' argument is that the claims they seek to pursue through Counts 20 and 21 did not begin to "accrue" until they learned of the legal obligations imposed on the IRS by statute. Such an argument rests on a fundamental misunderstanding of how the statute of limitations operates. When calculating the limitations period under § 7433(d)(3), the question is not when a plaintiff discovers the legal contours governing his claim, but rather when he has had a reasonable opportunity to discover the factual circumstances supporting his claim. Simply put, taxpayers are "charged with knowledge of the law." *Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010). As a result, "[i]t does not matter whether the plaintiff knows the injury is actionable—he need only know that he has been injured." *Keohane*, 775 F. Supp. 2d at 91 (quotation marks and citation omitted); *cf. Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999) ("[T]he taxpayers . . . were chargeable with knowledge of the law, and thus with knowledge that the IRS had a duty to return the [levied property] promptly."). Accordingly, the Kims' purported ignorance of the

legal duties imposed by Internal Revenue Code §§ 6303 and 6304 does not affect the running of

the statute of limitations in this case nor salvage Counts 20 and 21 from dismissal.

      C.      *The Court Rejects the Kims' Informal Request for Leave to Amend*

     In an obvious last-ditch effort to forestall dismissal, the Kims close their opposition to the

United States' Renewed Motion to Dismiss by asserting, in passing and without any meaningful

measure of detail, that Counts 20 and 21 "cannot and should not be dismissed without leave to

amend to cure the alleged deficiency in regard to [the] stated claims." Pls.' Opp'n at 10.

However, the law of this Circuit is clear: "a bare request in an opposition to a motion to

dismiss—without any indication of the particular grounds on which amendment is sought—does

not constitute a motion [to amend] within the contemplation of Rule 15(a)." *Confederate Mem'l*

*Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *see also Glenn v. First Nat'l Bank in*

*Grand Junction*, 868 F.2d 368, 370-71 (10th Cir. 1989) (finding that a "naked request for leave

to amend" made in opposition to a motion to dismiss "does not rise to the status of a motion").

In support of their request, the Kims offer nothing more than their bald and unsupported *ipse*

*dixit* that they "could have refined [the] allegations" supporting Counts 20 and 21, Pls.' Opp'n at

10, failing to provide the Court with any indication of "what those [additional] facts might be,"

*Confederate Mem'l*, 995 F.2d at 299. This is a familiar and unsurprising tactic. As the Court of

Appeals observed, "recalcitrance has been the Kims' primary litigation strategy." *Kim*, 632 F.3d

at 719. When confronted, the Kims have elected to simply burrow out of sight, multiplying the

avenues for their escape instead of meeting the matter head-on. While such evasive measures

may well serve the African aardvark,[5] the Kims cannot so easily eschew their duty to state a

claim for relief and to prosecute their action with reasonable diligence.  But the Court need not

belabor the point.  The Kims' passing request, utterly devoid of factual content, is patently

inadequate to be considered a proper motion for leave to amend under Rule 15(a) of the Federal

Rules of Civil Procedure.  *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d

1251, 1259 (D.C. Cir. 2004) (finding that a "vague offer" to amend failed to show how the

amendment, if allowed, would yield a plausible claim for relief); *Woodruff v. DiMario*, 197

F.R.D. 191, 195 (D.D.C. 2000) (concluding that a request to amend, made "almost as an aside,"

did not constitute a valid motion).  Accordingly, the Court declines the Kims' invitation to "order

amendment as a matter of course."  Pls.' Opp'n at 10.

Furthermore, even assuming, *arguendo*, that the Court were inclined to construe the

Kims' passing request as a motion to amend under Rule 15(a), the motion would nonetheless be

procedurally infirm.  The Local Rules of this Court require that any motion for leave to file an

amended pleading be accompanied by an original of the proposed pleading as amended.  *See*

LCvR 7(i); LCvR 15.1.  This requirement is no mere formality.  In the absence of a proposed

pleading, neither the opposing party nor the district court is in a position to "determine whether

or not [the] proposed amendments would be futile."  *Creecy v. District of Columbia*, Civil Action

No. 10-841 (CKK), 2011 WL 1195780, at *11 (D.D.C. Mar. 31, 2011).  As such, the failure to

include the proposed pleading with a motion to amend is a sufficient basis for denying the

---

[5]  When confronted, the aardvark, a nocturnal mammal native to Africa, is known to attempt to dig a hole in which to hide, covering itself with earth.  *See generally* Joachim Knöthig, Biology of the Aardvark (Dec. 2005) (thesis, Ruprecht-Karls-Universität Heidelberg), at 45, available at http://www.tierseiten.com/roehrenzaehner/aardvark.pdf (last visited Jan. 5, 2012).

motion. *Id.*; *see also Kowal v. MCI Commcn's Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (the

failure to tender a proposed amended complaint "vitiate[s] any need for the district court to

explain why permitting amendment . . . [is] not in the interest of justice"). In this case, the Kims

have failed to provide the Court with a proposed amended pleading setting forth factual

allegations that would survive the bar imposed by the statute of limitations and support plausible

claims that the United States violated Internal Revenue Code §§ 6303 and 6304. Their failure to

do so is particularly egregious because the United States alerted the Kims to this procedural

infirmity in their request to amend on June 1, 2011, *see* U.S.'s Reply at 5, and yet the Kims have

made no attempt to file a proper motion to amend in the intervening seven months. The Kims'

failure to comply with the Local Rules of this Court provides an alternative and adequate ground

to deny their request. Accordingly, for this separate, independent reason, the Court declines the

Kims' invitation to "order amendment as a matter of course." Pls.' Opp'n at 10.

     D.     *The Kims' Motion for Leave to File a Surreply Shall Be Denied*

     There is one concluding matter to discuss: the Kims' [25/27] Motion for Leave to File a

Surreply. The Local Rules of this Court contemplate that there ordinarily will be at most three

memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the

non-movant's opposition; and (iii) the movant's reply. *See* LCvR 7. Nonetheless, when the non-

movant is deprived of the opportunity to contest matters raised for the first time in the movant's

reply, the non-movant may seek the district court's leave to file a surreply. *Ben-Kotel v. Howard

Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). However, surreplies are generally disfavored, *Kifafi

v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), and the determination

of whether to grant or deny leave is entrusted to the sound discretion of the district court, *Akers v.*

*Beal Bank*, 760 F. Supp. 2d 1, 2 (D.D.C. 2011).  When a *pro se* litigant seeks leave to file a surreply, the district court should remain cognizant that parties proceeding without legal representation are entitled to a certain amount of solicitude in the conduct of litigation, but also that such solicitude is not limitless and *pro se* litigants are not relieved of their obligation to comply with the applicable rules.  *See Slovinec v. Am. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007).

In this case, each of the matters addressed in the Kims' proposed surreply speaks to an argument made by the United States in its reply that was, in turn, either raised in its opening memorandum or directly responsive to an argument made by the Kims in their opposition.  Even affording the Kims' proposed surreply an exceedingly liberal construction, no reasonable reader could conclude that it is in any way targeted to contest matters raised for the first time in the United States' reply.  Accordingly, the Court shall, in an exercise of its broad discretion, DENY the Kims' [25/27] Motion for Leave to File a Surreply.  However, the Court hastens to add that it has reviewed the contents of the Kims' proposed surreply and nothing that appears therein counsels in favor of reaching a different result in connection with the United States' [21] Renewed Motion to Dismiss.

/

/

/

/

/

/

19

**IV.  CONCLUSION**

For the reasons set forth above, the Court shall GRANT the United States' [21] Renewed

Motion to Dismiss and DISMISS Counts 20 and 21 of the [1] Complaint.  In addition, because

no other claims remain extant, the Court shall DISMISS this action in its entirety.  Finally, the

Court shall DENY the Kims' [25/27] Motion for Leave to File a Surreply.  An appropriate Order

accompanies this Memorandum Opinion.


Date: January 9, 2012


                          /s/
                          **COLLEEN KOLLAR-KOTELLY**
                          United States District Judge